```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UFCW LOCAL 174 COMMERCIAL HEALTH CARE     :
FUND, UFCW LOCAL 174 PENSION FUND, UFCW   :
LOCAL 174 COMMERCIAL PENSION FUND, UFCW   :
LOCAL 174 SECURITY BENEFIT FUND, UFCW     :
LOCAL 342 ANNUITY FUND, UFCW LOCAL 342    :
HEALTH CARE FUND, UFCW LOCAL 342          :   05 CIV. 7098 (DLC)
SECURITY BENEFIT FUND and UFCW LOCAL      :
342 LEGAL FUND,                           :
                                          :   MEMORANDUM OPINION &
                         Plaintiffs,      :        ORDER
                                          :
          -v-                             :
                                          :
HOMESTEAD MEADOWS FOODS CORP., HARRY      :
CAPITAL, INC., FORD MEATS, LLC,           :
HERITAGE FOOD GROUP, INC., BRIAN M.       :
WEINER (Individually) and MARTIN WEINER   :
(Individually),                           :
                                          :
                         Defendants.      :
                                          :
------------------------------------------X
```

Appearances:

For Plaintiffs UFCW Local 174
Commercial Health Care Fund, et al.:
Andrew John Calcagno, Esq.
Calcagno & Associates
Attorneys at Law, LLC
213 South Avenue East
Cranford, New Jersey 07016

For Defendants Homestead Meadows Foods
Corp., et al.:
Stuart A. Jackson, Esq.
Maidman and Mittleman, LLP
70 East 55th Street
New York, NY 10022

DENISE COTE, District Judge:

    Eight employee benefits plans seek to recover assets that they claim were unlawfully transferred in an effort to shield them from an outstanding judgment. As all the counts plead by the plaintiffs arise under state law, the Court requested that

the parties submit briefing on the issue of subject matter
jurisdiction. Because the plaintiffs seek to collect a judgment
issued by this Court by tracing the judgment debtor's assets into
the hands of a third party, there is subject matter jurisdiction
over this action.

Background

In UFCW Local 174 Commercial Health Care Fund v. BMW Meats, LLC, 05-cv-4030, this Court confirmed three arbitration awards against BMW Meats, LLC ("BMW Meats") for failure to make contributions to the UFCW Local 174 Commercial Health Care Fund, UFCW Local 174 Pension Fund, UFCW Local 174 Commercial Pension Fund, UFCW Local 174 Security Benefit Fund, UFCW Local 342 Annuity Fund, UFCW Local 342 Health Care Fund, UFCW Local 342 Security Benefit Fund, and UFCW Local 342 Legal Fund (the "Funds"). The plaintiffs in the current action are the same Funds that were the plaintiffs in the first action. They bring this second action against four corporations including Homestead Meadows Foods Corp. ("Homestead Foods"), and two individuals. The plaintiffs allege that on or about the day that the judgment issued against BMW Meats, all of that company's assets were transferred to Homestead Foods. The plaintiffs claim the transfer was fraudulent and for the purpose of protecting BMW Meats' assets from the judgment against it. They also assert that Homestead Foods is the successor to BMW Meats, both of which are owned directly or indirectly by the two individual defendants

2

in the second action.

Discussion

A case is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction must prove that it exists by a preponderance of the evidence. Id. In considering whether to dismiss a case for lack of subject matter jurisdiction a court must accept as true all material factual allegations in the complaint. Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). On the other hand, a court may not draw inferences from the pleadings favorable to the plaintiffs' assertion of jurisdiction. Id. When federal question jurisdiction is premised on a federal cause of action, jurisdiction exists whenever the complaint states a cause of action under federal law that is neither "clearly immaterial and made solely for the purpose of obtaining jurisdiction," nor "wholly insubstantial and frivolous." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2d Cir. 2000) (citation omitted).

In Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001), the Second Circuit recognized a "distinction for jurisdictional purposes...between an action to collect a judgment...and an action to establish liability on the part of a

third party." Id. at 104.  An action to collect a judgment "does not require an independent jurisdictional basis." Id.  Thus, a judgment creditor may pursue, through a federal court's ancillary jurisdiction, "the assets of the judgment debtor even though the assets are found in the hands of a third party." Id. at 106.

The Supreme Court's decision Peacock v. Thomas, 516 U.S. 349 (1996), is not to the contrary.  In Peacock the Court held that district courts lacked ancillary jurisdiction over actions that sought to "impose liability for a money judgment on a person not otherwise liable for the judgment." Id. at 351.  As the Second Circuit noted in Epperson, the Court in Peacock left open the question of whether "claims to void fraudulent transfers required an independent basis for jurisdiction." Epperson, 242 F.3d at 106.  The holding in Epperson makes clear that in this Circuit if the action is to collect a judgment and not to establish the liability of a third party, it falls within the ancillary jurisdiction of the district court.  Id. at 104 (citing Empire Lighting Fixture Co. v. Practical Lighting Fixture Co., 20 F.2d 295, 296 (2d Cir. 1927)).

The plaintiffs seek through their assertions of fraudulent conveyance to collect the judgment entered against BMW Meats by tracing BMW Meats' assets into the hands of related third parties.  The complaint seeks to enforce a judgment rather than to "raise an independent controversy with a new party." Id. at 106.  This is sufficient to support jurisdiction.

Conclusion

Subject matter jurisdiction exists to hear this case.


SO ORDERED:
Dated:   New York, New York
         October 4, 2005

                                      _____
                                            DENISE COTE
                                      United States District Judge