UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
UFCW LOCAL 174 COMMERCIAL HEALTH CARE :
FUND, UFCW LOCAL 174 PENSION FUND, UFCW :
LOCAL 174 COMMERCIAL PENSION FUND, UFCW :
LOCAL 174 SECURITY BENEFIT FUND, UFCW :
LOCAL 342 ANNUITY FUND, UFCW LOCAL 342 :
HEALTH CARE FUND, UFCW LOCAL 342 : 05 CIV. 7098 (DLC)
SECURITY BENEFIT FUND and UFCW LOCAL :
342 LEGAL FUND, :
: MEMORANDUM OPINION &
Plaintiffs, : ORDER
:
-v- :
:
HOMESTEAD MEADOWS FOODS CORP., HARRY :
CAPITAL, INC., FORD MEATS, LLC, :
HERITAGE FOOD GROUP, INC., BRIAN M. :
WEINER (Individually) and MARTIN WEINER :
(Individually), :
:
Defendants. :
:
------------------------------------X

Appearances:

For Plaintiffs UFCW Local 174
Commercial Health Care Fund, et al.:
Andrew John Calcagno, Esq.
Calcagno & Associates
Attorneys at Law, LLC
213 South Avenue East
Cranford, New Jersey 07016

For Defendant Martin Weiner:
Natalie Shkolnik, Esq.
Siller Wilk LLP
675 Third Avenue, 9th Floor
New York, New York 10017

DENISE COTE, District Judge:

    Eight employee benefits plans claim that six defendants conspired to execute a fraudulent conveyance in an effort to shield the assets of BMW Meats, LLC ("BMW Meats") from an outstanding judgment. Defendant Martin Weiner has moved to

dismiss the only claim brought against him. For the following reasons the motion is denied.

Background

In UFCW Local 174 Commercial Health Care Fund v. BMW Meats, LLC, 05 Civ. 4030 (DLC), this Court confirmed three arbitration awards against BMW Meats for failure to make contributions to the UFCW Local 174 Commercial Health Care Fund, UFCW Local 174 Pension Fund, UFCW Local 174 Commercial Pension Fund, UFCW Local 174 Security Benefit Fund, UFCW Local 342 Annuity Fund, UFCW Local 342 Health Care Fund, UFCW Local 342 Security Benefit Fund, and UFCW Local 342 Legal Fund (the "Funds"). Judgment was entered against BMW Meats on July 20, 2005.

On August 10, 2005, the Funds filed their complaint in the instant action ("Complaint"). They bring this second action against four corporations, Homestead Meadows Foods Corp. ("Homestead Foods"), Harry Capital, Inc. ("Harry Capital"), Ford Meats, LLC, Heritage Food Group, Inc. (collectively "Corporate Defendants"), and two individuals, Brian M. Weiner and Martin Weiner. The plaintiffs allege that on or about the day that the judgment issued against BMW Meats, all of that company's assets were transferred to Homestead Foods. The plaintiffs claim the transfer was the result of a conspiracy by the defendants to protect BMW Meats' assets through a fraudulent conveyance.

Relying in large part upon facts pleaded "upon information and belief," the Complaint alleges the following corporate

structure in support of its claims. Brian Weiner is the sole shareholder, President and CEO of BMW Meats. Brian Weiner is also the President of Homestead Foods. All of the shares of Homestead Foods are owned by Harry Capital. Martin Weiner, Brian Weiner's father, is the majority shareholder of Harry Capital. The other shareholders of Harry Capital are all members of the Weiner family, including Brian Weiner. BMW Meats, Homestead Foods and Harry Capital all have substantially the same employees, management, directors and officers, and share the same office space, business address and telephone number. The Complaint alleges that both Brian and Martin Weiner used their complete dominion over all the Corporate Defendants to transfer BMW Meats' assets in an effort to avoid satisfaction of the judgment entered against BMW Meats.

The plaintiffs plead counts of fraudulent conveyance, conversion, unjust enrichment and violations of Article 6 of the New York Commercial Code against Homestead Foods. They also claim that Homestead Foods should be liable for the debts of BMW Meats under theories of alter ego and successor liability. Finally, the plaintiffs bring a claim of conspiracy to commit a fraudulent transfer against all the defendants. For reasons explained recently, subject matter jurisdiction exists over this action. See UFCW Local 174 Commercial Health Care Fund v. Homestead Meadows Foods Corp., 05 Civ. 7098 (DLC), 2005 WL 2429783 (S.D.N.Y. Oct. 4, 2005).

On September 22, Martin Weiner filed the instant motion to

3

dismiss the sole claim against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. He argues that the plaintiffs have failed to meet the pleading requirements for conspiracy and that there is no independent cause of action for civil conspiracy under New York law.

## Discussion

To dismiss an action pursuant to 12(b)(6) a court must determine that "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Scutti Enters., LLC v. Park Place Entm't Corp., 322 F.3d 211, 214 (2d Cir. 2003) (citation omitted). In construing the complaint the court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Id. "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002) (citation omitted).

Rule 8(a) requires that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests". Dura Pharm., Inc. v. Broudo, 125 S.Ct. 1627, 1634 (2005) (citation omitted). Rule 8 is "not meant to impose a great burden upon a

plaintiff." Id. Indeed, because Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, "extensive pleading of the facts is not required." Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004) (citation omitted). Pleadings averring conspiracy are properly measured under the "liberal pleading requirements of Rule 8(a)." Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.4 (2d Cir. 1990).

The plaintiffs have satisfied the requirements of Rule 8. The Complaint alleges sufficient facts to give fair notice to Martin Weiner of the claim against him and the grounds upon which it rests. It alleges his control of Harry Capital, which in turn controls Homestead Foods, which was the vehicle used for the alleged unlawful transfer of assets belonging to the judgment debtor BMW Meats. The allegations that the defendants shared the same office space and that they all had knowledge of the judgment against BMW provide further details as to the place and the time of the conspiracy.

Martin Weiner objects that many of the facts in the Complaint are pleaded upon information and belief. This formulation is entirely appropriate for facts that are customarily within the possession of the defendants and subject to verification through discovery. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1224 (3d ed. 2004).

Martin Weiner argues that New York law does not recognize an independent cause of action for civil conspiracy, relying on

5

Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, 223 F. Supp. 2d. 474, 490 (S.D.N.Y. 2002). A claim for conspiracy to commit a tort is recognized in New York "to the extent that the plaintiff well pleads the underlying tort." Fisher v. Big Squeeze (N.Y.), Inc., 349 F. Supp. 2d. 483, 489 (E.D.N.Y. 2004); see also Southridge, 223 F. Supp. 2d. at 490. The plaintiff in this case has pled a conspiracy to commit fraudulent conveyance, which is a species of tort, as well as the substantive claim of fraudulent conveyance. Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 770 (E.D.N.Y. 1995); see also Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 898-99 (2d Cir. 1980) (comparing the law of contract and the law of tort). Martin Weiner does not argue that the claim of fraudulent conveyance is infirm.

Finally, Martin Weiner argues that the pleading of conspiracy against him is deficient because he is not named as a defendant in the fraudulent conveyance claim. In fact, "New York law permits allegations of civil conspiracy when they serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated." Hoag v. Chancellor, Inc., 677 N.Y.S.2d 531, 535 (App. Div. 1st Dept. 1998) (citation omitted) (emphasis supplied). The decision of the New York Court of Appeals in FDIC v. Porco, 75 N.Y.2d 840 (1990), is not to the contrary. In Porco the Court of Appeals held that Section 273-a of the Debtor and Creditor Law did not create "a creditor's cause of action in conspiracy," against

defendants who have no control over transferred assets or who have not benefitted from the conveyance. Id. at 842. The plaintiffs have alleged sufficient facts to infer both control and benefit here. In any event, the plaintiff in Porco did not plead a claim of civil conspiracy to commit a fraudulent conveyance and the decision did not address the viability of such a claim.

## Conclusion

The plaintiffs have adequately pled a claim of conspiracy to commit the tort of fraudulent conveyance. The motion to dismiss is denied.

SO ORDERED:
Dated: New York, New York
November 1, 2005

DENISE COTE
United States District Judge